UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------
VINCENT F. DEPASQUALE,

                    Plaintiff,

      -against-

DANIEL DePASQUALE and
PENSION DESIGN SERVICES, INC.,

                    Defendants.
----------------------------------

Civil Action No. 12 Civ.2564
                RRM-MDG


## CO-DEFENDANT DANIEL DEPASQUALE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION


Schwartz & Silverstein, LLP
Attorneys for Defendant
Daniel DePasquale
254 South Main Street, Suite 210
New City, NY  10956
(845) 638-9400

Of Counsel:
Mark D. Lefkowitz

## TABLE OF CONTENTS

1. Preliminary Statement ........................................1

2. Question Presented ..........................................2

3. Point I .....................................................3

PLAINTIFF'S MOTION FOR RECONSIDERATION/REARGUMENT IS NOT MERITORIOUS AND IS FRIVOLOUS.

4. Point II ....................................................6

THE AMENDED COMPLAINT WAS CONSTRUED BY THE COURT WITH REGARD TO THE ALLEGATIONS OF DANIEL DEPASQUALE'S ALLEGED BREACH OF FIDUCIARY DUTY AND THE ALLEGATIONS RELATING TO THE FRAUD/CONCEALMENT EXCEPTION AT 29 U.S.C. 1113.

5. Point III ...................................................7

PLAINTIFF WISHES TO FILE A FURTHER AMENDED COMPLAINT BUT DID NOT OFFER ONE FOR THE COURT'S REVIEW. MOREOVER, THE PLAINTIFF HAS ALREADY AMENDED HIS COMPLAINT AND IS NOT ENTITLED TO THIS EXTRAORDINARY RELIEF AT THIS JUNCTURE.

6. Point IV ....................................................8

THIS COURT SHOULD REVISIT RULE 11 SANCTIONS AT THIS JUNCTURE.

7. CONCLUSION .................................................11

TABLE OF AUTHORITIES

## Cases

American Civil Liberties Union v. Department of Defense, 406 F.Supp. 2d 330 (S.D.N.Y. 2005) ................................ 5

Fulani v. Brady, 149 F.R.D. 501 (S.D.N.Y. 1993) ............... 5

In re Haubigant, Inc., 914 F.Supp. 997 (S.D.N.Y. 1996) ........ 6

In Re Health Management Systems, Inc. Securities Litigation, 113 F.Supp. 2d 613 (S.D.N.Y. 2000) .............................. 5

In Re Rezulin Products Liability Litigation, 224 F.R.D. 346 (S.D.N.Y. 2004) ............................................. 5

Jowers v. Family Dollar Stores, Inc., 455 F. Appx. 100 (2d Cir. 2012) ....................................................... 5

Kai Wu Chan v. Reno, 932 F.Supp. 535 (S.D.N.Y. 1996) .......... 5

Lichtenberg v. Besicorp Group, Inc., 204 F.3d 397 (2d Cir. 2000) ....................................................... 5

Massop v. United States Postal Service, 493 F.Appx. 231 (2d Cir. 2012) ................................................... 4

Nakshin v. Holder, 360 F.Appx. 192 (2d Cir. 2010) ............. 5

Perpetual Securities Inc. v. Tang, 290 F.3d 132 (2d Cir. 2002) 10

Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197 (3d Cir. 2006) ...6

Shrader v. CSX Transp. Inc., 70 F.3d 255 (2d Cir. 1995) ....... 5

Watkins v. Smith, 2013 WL 655 085 (S.D.N.Y. 2013) ............ 10

Watson v. Consolidated Edison of New York, 594 F.Supp. 2d 399 (S.D.N.Y. 2009) ............................................. 6

Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co., Slip Copy, No. 11-1546-CV. (2d Cir. 2012) ................... 5

**Statutes**

29 U.S.C. Section 1113 ......................................... 6

**Rules**

Local Civil Rule 6.3 ....................................... 2, 4
Rule 11(c)(2) ............................................... 11
Rule 60(b) of the Federal Rules of Civil Procedure ............ 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------
VINCENT F. DEPASQUALE,

                Plaintiff,

    -against-

DANIEL DEPASQUALE and
PENSION DESIGN SERVICES, INC.,

                Defendants.
---------------------------------

Civil Action No. 12 Civ.2564
             RRM-MDG

## CO-DEFENDANT DANIEL DEPASQUALE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

### PRELIMINARY STATEMENT

On February 28, 2013, this Court issued its Memorandum and Order dismissing the Plaintiff's Amended Complaint against each of the Defendants herein.  On that same day, this Court signed a Judgment dismissing with prejudice all of the claims brought by the Plaintiff against the Defendants and thereby closed this case.

The Plaintiff now comes before this Court seeking reconsideration/reargument of the Court's Memorandum and Order for the stunning reason that Plaintiff's counsel "did not meaningfully fully read through and/or analyze the initial disclosure documents received by defendants until December -

January 2013." Plaintiff's counsel at paragraph 16 of her Affirmation shockingly admits the following:

> "Accordingly, while technically such documentation was in plaintiff's possession before plaintiff submitted his opposition brief to the motion to dismiss, I did not review these materials until well after that submission."

Our opposition can stop right here by virtue of that extraordinary admission. It is extremely painful and difficult to reconcile such an admission based upon the scope and vehemence of the opposition by the Plaintiff to the Defendants' respective Motions to Dismiss. We will, however, limit our opposition to this motion to the legal standards that apply to a motion for reconsideration/reargument brought under Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3.

## <u>QUESTION PRESENTED</u>

Has the Plaintiff met his burden under Rule 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 for reconsideration and/or reargument? The answer is clearly "No".

<u>POINT I</u>

**<u>PLAINTIFF'S MOTION FOR RECONSIDERATION/REARGUMENT IS NOT MERITORIOUS AND IS FRIVOLOUS</u>.**

This Court carefully dissected the multiple allegations in the Amended Complaint with clarity and thoughtfulness and accorded the Plaintiff every possible inference that could be accorded to a plaintiff in defense of his/her pleading. On behalf of Co-Defendant Daniel DePasquale, we contended through cited case authority that this Court could take into consideration the various documents that we offered to the Court as a complete refutation of multiple factual allegations that formed the core basis for the Amended Complaint. This Court, by taking a more restricted but more pleading friendly attitude in determining Daniel DePasquale's motion to dismiss, came to the same result that we had requested, namely, the dismissal of these claims against our client with prejudice.

In reaching its conclusion, this Court analyzed all of the pertinent case precedent under the ERISA statutes in similar type situations as presented by the Plaintiff and rendered careful analysis and thought to whether the pleading could be construed in any manner that would justify resuscitating these allegations and denying the Motion to Dismiss. This Court thus

concluded that these allegations were not sustainable, even when according the Plaintiff every possible positive inference.

To the extent that the Plaintiff wishes to present "newly discovered evidence" as a basis for persuading this Court to reverse its determination, we are completely stymied how counsel can reconcile that basis in light of her admission at paragraph 16 of her Affirmation.  We do note, however, that on motions for reconsideration under Local Civil Rule 6.3, only supporting memoranda are permitted.

As this Court is well aware, newly discovered evidence is that evidence which "with reasonable diligence" could not have been discovered during the pending motion practice.  Plaintiff's counsel's admission obviously disqualifies the motion on that basis alone.

We respectfully direct the Court's attention to the following cases which set forth the burden which a movant has in moving for reconsideration.  The application of the rulings in these cases totally disqualify the Plaintiff's application. Please see <u>Massop v. United States Postal Service</u>, 493 F.Appx. 231 (2d Cir. 2012); <u>Women's Integrated Network, Inc. v. U.S.</u>

Specialty Ins. Co., Slip Copy, No. 11-1546-CV. (2d Cir. 2012); Jowers v. Family Dollar Stores, Inc., 455 F. Appx. 100 (2d Cir. 2012); Nakshin v. Holder, 360 F.Appx. 192 (2d Cir. 2010); Shrader v. CSX Transp. Inc., 70 F.3d 255 (2d Cir. 1995); American Civil Liberties Union v. Department of Defense, 406 F.Supp. 2d 330 (S.D.N.Y. 2005); In Re Rezulin Products Liability Litigation, 224 F.R.D. 346 (S.D.N.Y. 2004); Lichtenberg v. Besicorp Group, Inc., 204 F.3d 397 (2d Cir. 2000); In Re Health Management Systems, Inc. Securities Litigation, 113 F.Supp. 2d 613 (S.D.N.Y. 2000); Kai Wu Chan v. Reno, 932 F.Supp. 535 (S.D.N.Y. 1996); Fulani v. Brady, 149 F.R.D. 501 (S.D.N.Y. 1993).

Plaintiff believes that there was a wrong result here and is obviously unhappy with the manner in which the original motion was determined. Plaintiff now seeks what is commonly known as the "second bite at the apple". The threshold burden for the movant is to demonstrate that the Court ignored controlling decisions and factual matters that were before the Court on the underlying motion. This Court, to the contrary, analyzed all the applicable laws and demonstrated through careful, thorough analysis the flaws of the Plaintiff's pleading, which was materially vague and ambiguous. See In re

Haubigant, Inc., 914 F.Supp. 997 (S.D.N.Y. 1996).

## POINT II

### THE AMENDED COMPLAINT WAS CONSTRUED BY THE COURT WITH REGARD TO THE ALLEGATIONS OF DANIEL DEPASQUALE'S ALLEGED BREACH OF FIDUCIARY DUTY AND THE ALLEGATIONS RELATING TO THE FRAUD/CONCEALMENT EXCEPTION AT 29 U.S.C. 1113.

At pages 18 through and including 22 of this Court's Memorandum and Order, this Court clearly ruled on the fraud or concealment exception which is now being urged by the Plaintiff as having been overlooked by this Court. At pages 20 through and including 22 of this Court's Memorandum and Order, this Court very carefully assessed Plaintiff's claims of concealment and fraud and basically concluded that Plaintiff did not sufficiently allege any statement that fell within the purview of such claims. Please see Watson v. Consolidated Edison of New York, 594 F.Supp. 2d 399 (S.D.N.Y. 2009). See also Ranke v. Sanofi-Synthelabo Inc., 436 F.3d 197 (3d Cir. 2006).

Also, Plaintiff urges that the period of limitations has not expired. However, this Court carefully came to the conclusion that under alternative theories, the Plaintiff failed to meet its burden in demonstrating that these claims were timely served. Please see 29 U.S.C. Section 1113 which sets an

6

earlier date rather than a later date for claims brought under this ERISA subchapter.

### POINT III

**PLAINTIFF WISHES TO FILE A FURTHER AMENDED COMPLAINT BUT DID NOT OFFER ONE FOR THE COURT'S REVIEW.   MOREOVER, THE PLAINTIFF HAS ALREADY AMENDED HIS COMPLAINT AND IS NOT ENTITLED TO THIS EXTRAORDINARY RELIEF AT THIS JUNCTURE.**

At a Pre-Motion Conference before this Court held on September 6, 2012, Plaintiff's counsel was told flatly by this Court that this Amended Complaint could not be further amended. Please see the Transcript of the Pre-Motion Conference (Doc. No. 20) at pp. 41-42.  What was also quite significant at that Pre-Motion Conference was the admission by Plaintiff's counsel that she was not interested in reviewing certain very important documents which contained unequivocal proof that the allegations of her client in the Amended Complaint were absolutely false. This Court seemed at that time to be quite surprised by counsel's disinterest in these documents.   It is, therefore, highly ironic that counsel now wishes leave of this Court to amend the Complaint a second time through the presentation of alleged new evidence which was available at an earlier stage in this litigation.   This Court was indeed willing to allow time for Plaintiff's counsel to exchange and review material documents which should have persuaded counsel to abandon certain

7

material factual allegations. However, Plaintiff's counsel was intent on setting of a briefing schedule for the Motion to Dismiss. Please see Transcript of Pre-Motion Conference (Doc. No. 20) at pp. 36-38; 41-42.

Moreover, Plaintiff makes unsupported fresh factual allegations about (a) his alleged inability to communicate with his mother Lillian DePasquale; and (b) Lillian's and Margaret DePasquale's work history at Debro Manufacturing Corporation.

Is it not irreconcilable that Plaintiff now wishes to insert facts that were known to him before commencement of this action but he would not even respond to the documentary evidence concerning his baseless factual allegations during the motion practice?

Lastly, there is no proposed Second Amended Complaint offered by Plaintiff through this application.

## POINT IV

### THIS COURT SHOULD REVISIT RULE 11 SANCTIONS AT THIS JUNCTURE.

This Court was cautious and, in our opinion, kind to the Plaintiff and his counsel in not directing sanctions for what

Daniel DePasquale and this law firm earnestly believe is a totally frivolous action wrongly motivated by irrational and inappropriate emotional reasons.

This latest application immeasurably reinforces those perceptions.

We have attempted to demonstrate to the Court that the factual assertions by Vincent DePasquale had indeed no basis in fact and were purposefully directed to harass his uncle. It is consequently very challenging to view this application seriously. It has no merit and has no basis under law and conspicuously flaunts the criteria under Federal Rule 60(b) and the cited cases. If, indeed, a main purpose of a sanction is to prevent further harassment, then we believe that the case for sanctions has been clearly demonstrated by this latest application.

We are aware that Rule 11 is also premised on a notice provision to allow the errant party sufficient opportunity to withdraw the misguided pleading. However, and as noted at the Pre-Motion Conference (Transcript, Doc. No. 20, at pp. 24-25 and 34), the Plaintiff has been amply afforded that notice and opportunity and has stubbornly rejected it. Further, in the

face of all the documentary evidence which was presented during the motion practice, one would think that Plaintiff and counsel would reasonably conclude that they could never sustain their claims even if the Motion to Dismiss had been denied. Please see Watkins v. Smith, 2013 WL 655 085 (S.D.N.Y. 2013); Perpetual Securities Inc. v. Tang, 290 F.3d 132 (2d Cir. 2002).

Based upon the foregoing, we strongly urge and believe that the Court can by its own initiative under Rule 11(c)(3) order Plaintiff and his counsel to now show cause why the aforereferenced conduct specifically has not violated Rule 11(b). We urge the Court, in this context, to review all of the documentary evidence that we previously submitted on the motion which demonstrates the false basis for Plaintiff's allegations. Indeed, this Court has already noted in its Memorandum and Order (pp. 26-27) that there has been no response to that documentary evidence. Perhaps we are at that juncture which the Court referred to at the last paragraph of page 27 of this Memorandum and Order as follows:

"Although the Court finds Daniel's contentions to be troubling, the Court declines to ask plaintiff to respond to Daniel's allegations at this time." (Emphasis supplied)

We believe that now is the time for that reconciliation to take place.  We also note that, as discussed during the Pre-Motion Conference on September 6, 2012 and hereinabove, we had urged that these factual allegations in the original and the Amended Complaint be withdrawn by Plaintiff based upon the contrary factual documentation which we had made available. Therefore, an application under Rule 11(c)(2) was unnecessary, especially since Plaintiff's counsel was uninterested in reviewing such documents when afforded that opportunity.

## CONCLUSION

WHEREFORE, this Court should deny the Motion for Reconsideration/Reargument and assess costs and sanctions for what is an unmeritorious and frivolous application.


Dated: New City, New York
      March 22, 2013

Respectfully submitted,

Schwartz & Silverstein, LLP

By: _____
Mark D. Lefkowitz, Esq.
MDL-3076
Attorneys for Defendant
Daniel DePasquale
254 South Main Street
Suite 210
New City, New York 10956
(845)638-9400

<u>AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS AND E-MAIL</u>

STATE OF NEW YORK          )
                                       ss.:
COUNTY OF NEW YORK    )

      Linda R. Puzzio, being duly sworn says:

      1.   I am not a party to the action, am over 18 years of age, and reside at Bronx, New York.

      2.   On March 22, 2013 I served a true copy of the annexed **MEMORANDUM OF LAW OF CO-DEFENDANT DANIEL DEPASQUALE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** in the following manner: by depositing the same in a sealed properly addressed wrapper into the custody of an overnight delivery service, Federal Express, for delivery on the next business day, prior to the latest time designated by Federal Express for such delivery, addressed to the addresses designated by the addressees as indicated below and by E-mail transmission to the last known E-mail address of the addressees as indicated below:

TO:  Harriette N. Boxer, Esq.      E-mail address:
     Attorney for Plaintiff        hnboxer@gmail.com
     31 East 32nd Street, Suite 300
     New York, New York 10016

     Sergio Alves, Esq.           E-mail address:
     Kaufman Borgeest & Ryan LLP   salves@kbrlaw.com
     Attorneys for Defendant
     Pension Design Services, Inc.
     200 Summit Lake Drive
     Valhalla, New York 10595

                                        *Linda R. Puzzio*
                                       Linda R. Puzzio

Sworn to before me this
22nd day of March, 2013

     *Mark D. Lefkowitz*         MARK D. LEFKOWITZ
    Notary Public          Notary Public, State of New York
                            No. 4632064
                        Qualified in Rockland County
                        Commission Expires Sept. 30, *2014*