UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT F. DEPASQUALE,

                Plaintiff,                              MEMORANDUM AND ORDER
                                                                     12-CV-2564 (RRM)(MDG)

  - against -

DANIEL DEPASQUALE, and
PENSION DESIGN SERVICES, INC.,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       By Memorandum and Order dated February 28, 2013, familiarity with which is assumed, this Court dismissed all of plaintiff Vincent DePasquale's claims against Daniel DePasquale ("Daniel") and Pension Design Services, Inc. ("PDS") for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, and breach of contract. (Doc. No. 25.) Judgment was entered on the same day. (Doc. No. 26.)

       Plaintiff now moves this Court for reconsideration of its order dismissing his claims pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and Local Civil Rule 6.3. (*See* Mot. for Reconsideration (Doc. Nos. 28-1, 28-2, 28-5).) Specifically, plaintiff moves for reconsideration pursuant to Rule 60(b)(1) alleging that the Court "erred in several of its findings and/or holdings" and seeks leave to amend his amended complaint pursuant to Rule 60(b)(6). (Pl. Reply (Doc. No. 28-5) at 2, 5.) In support of his motion, plaintiff attaches twelve

documents.[1] (*See* Aff. of H. N. Boxer (Doc. No. 28-1).) Defendants oppose this motion. (*See* Defs' Opp'n (Doc. Nos. 28-3, 28-4).) For the reasons that follow, the Court denies plaintiff's motion for reconsideration.

## STANDARD OF REVIEW

Rule 60(b)(1) "permits a district court to grant relief from a judgment based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)). The Second Circuit has interpreted "mistake" to include mistakes of law or fact made by the district court. *See Gey Assocs. Gen. P'ship v. 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003). A motion for reconsideration in the Eastern District of New York is governed by Local Civil Rule 6.3, which requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made." *Associated Press v. U.S. Dep't of Defense*,

---

[1] Plaintiff clarifies in his reply brief that "[p]laintiff does not utilize any of the documents appended to the Affirmation of H. N. Boxer in support of the[] arguments" pursuant to Rule 60(b)(1) with the exception of Exhibit A relating to the amount of pension benefits paid to the estate of Joseph DePasquale. (Pl. Reply at 2.) Instead, plaintiff states that these documents were submitted "solely in support of his ability to now specifically plead fraud against both defendants" and to seek leave to amend his amended complaint. (*Id*. at 5 (capitalization altered).) Because plaintiff has failed to demonstrate that he was excusably ignorant of Exhibit A, which he admits he possessed well in advance of when his opposition to the motions to dismiss were due (Aff. of H. N. Boxer ¶ 2), and because plaintiff expressly disclaims reliance on any of the other documents submitted with his motion for reconsideration, the Court will disregard any reference to these documents when considering plaintiff's arguments pursuant to Rule 60(b)(1). *See Wells Fargo Bank v. Sharma*, 642 F. Supp. 2d 242, 249 (S.D.N.Y. 2009) ("Although newly discovered evidence can form the basis of a motion for reconsideration, the moving party must demonstrate that it was 'excusably ignorant of the facts despite using due diligence to learn about them.'"(citation omitted)).

2

395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  Indeed, "[c]ourts have repeatedly been forced to warn counsel that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Newton v. City of New York*, 738 F. Supp. 2d 397, 417 (S.D.N.Y. 2010) (internal quotation marks and citation omitted).  Generally, district courts will only amend or alter a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

Rule 60(b)(6) provides that a "court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  "Granting a Rule 60(b)(6) motion requires a showing of 'extraordinary circumstances' to 'justify[ ] the reopening of a final judgment.'" *Winslow v. Portuondo*, 599 F. Supp. 2d 337, 341 (E.D.N.Y. 2009) (citing *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005)); *see also Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief").  Moreover, the Second Circuit has explicitly "found that Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens v. Miller*, 676 F.3d 62, 67–68 (2d Cir. 2012) (citing *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976)).

**DISCUSSION**

In essence, plaintiff's motion does nothing more than reargue issues already decided in the motions to dismiss, inject facts he was aware of but failed to allege in the amended complaint, and make new arguments that could have previously been made.  Indeed, plaintiff does not present any matters or controlling decisions that the Court has overlooked nor does

3

plaintiff demonstrate any ground for the Court to believe that its failure to reconsider its earlier decision will result in any injustice, let alone manifest injustice. Ordinarily, the analysis would end here. However, because plaintiff grossly misrepresents both the allegations in the amended complaint and the Court's holdings, the Court will briefly address plaintiff's arguments.

Notably, plaintiff does not challenge dismissal of his fifth through eighth claims; rather pursuant to Rule 60(b)(1), plaintiff argues that "the court erred in dismissing the First, Second, Third, and Fourth Claims of his amended complaint." (Pl. Reply at 2.)

### I. Rule 60(b)(1)

At the heart of plaintiff's motion for reconsideration are his challenges to the Court's finding that Form 501 was not incorporated by reference in the amended complaint (Pl. Br. (Doc. No. 28-2) at 8–9) and that plaintiff should have discovered with reasonable diligence the breaches of fiduciary duty he complains of. (*Id*. at 5–7, 11, 13–16.)

#### A. Form 501

Plaintiff argues, by raising arguments that could have been raised in his opposition to the motions to dismiss, that Form 501 should have been considered by the Court (Pl. Br. at 8–9) and that consequently, his claims are timely under 29 U.S.C. § 1113 against both Daniel (*id*. at 12–13) and PDS (*id*. at 17–18). Yet, plaintiff does not cite to any matters or controlling decisions that the Court has overlooked.

Form 501 was not attached to nor explicitly referenced in plaintiff's amended complaint. Nonetheless, plaintiff attached to his opposition to the motions to dismiss a document that plaintiff's counsel "avers she received from plaintiff which purports to be a 'Post Distribution Certification for Standard Termination' – PBGC Form 501" that is "signed by Dan[iel] and is dated May 21, 2006," and argued that this document was referenced to in "Paragraph 31 of the complaint" where "plaintiff alleges that he received certain documents from PDS in 2011." (Pl.

4

Opp'n to Mot. to Dismiss (Doc. No. 17) at 7.) The Court held that the "passing reference to 'various documents' [in paragraph 31 of the amended complaint] does not incorporate Form 501 into the amended complaint" and refused to consider this document for purposes of the motions to dismiss. (Mem. and Order (Doc. No. 25) at 9 n.2 (citing Am. Compl. (Doc. No. 3) ¶ 31).)

Now plaintiff argues that that multiple paragraphs of the amended complaint – ¶ 31 (plaintiff "received various documents from [PDS]"), ¶ 34 ("documents Vincent received from [PDS]"), and ¶ 35 ("documents Vincent received from [PDS]") – somehow demonstrate that a document "which purports to be" Form 501 (*id*.), "is so integral to plaintiff's allegations in his Second and Third Claims" that the Court should have incorporated that document. (Pl. Br. at 8–9.) Strikingly, plaintiff does not provide any case law to support his argument or show how the Court erred. Rather, plaintiff merely cites two Second Circuit cases for the general proposition that "the court may" consider an integral document on a motion to dismiss. (*Id*. at 9.) Plaintiff's argument fails.[2]

### B. Reasonable Diligence

Plaintiff also contends that the fraud or concealment exception to the ERISA statute of limitations applies and argues, by utterly misstating the Court's holding and disingenuously referring to facts not contained within the amended complaint, that the Court erred in finding that plaintiff should have discovered with reasonable diligence the breaches of fiduciary duty he complains of. (*See* Pl. Br. at 5–7, 11, 13–16.) Yet once again, plaintiff fails to cite to any matters or controlling decisions that the Court has overlooked.

---

[2] Because there is no basis for the Court to consider the document "which purports to be" Form 501 on the motions to dismiss, plaintiff's newly raised argument that the Court should have *sua sponte* considered the doctrine of continuing violation in order to find that his claims against PDS are not time-barred also fails. (Pl. Br. at 17–18, Pl. Reply (Doc. No. 28-5) at 3–4.)

In his opposition to the motions to dismiss, plaintiff argued that "it is enough to . . . show that Dan[iel] engaged in acts to hinder the discovery of his breach of duty," specifically listed seven points that "[t]he complaint alleges Dan[iel] concealed from Vincent," and stated in conclusory fashion without any basis in the amended complaint that "Dan[iel] consciously and purposefully failed to provide this information to Vincent in order to prevent Vincent from impeding and/or, at the very least, delaying his plan to terminate and plunder the pension plan." (Pl. Opp'n to Mot. to Dismiss at 9–11.) The third point on plaintiff's list was the allegation that Daniel concealed "the pension plan itself." (*Id*. at 10.) In its analysis, the Court noted that this was "an inaccurate statement" because the amended complaint alleges that the pension plan was disclosed to plaintiff in early 2006 and, as such, the concealment exception could not apply based on this incorrect statement. (Mem. and Order at 19.) Rather than address the merits of the Court's finding on this point or on any of the other six points on plaintiff's list, plaintiff chooses to utterly misrepresent the Court's holding – "the concealment exception does not apply because plaintiff knew of the existence of Debro's pension plan is error in that knowledge of the existence of a pension plan does not equal 'discovery of [a] breach or violation' as required under 29 U.S.C. § 1113" (Pl. Br. at 11) – in his attempt to manufacture a basis for this motion. This argument is duplicitous and meritless.

Moreover, even though plaintiff explicitly only relied on the concealment prong of the exception to ERISA's statute of limitations in his opposition to the motions to dismiss (*see* Pl. Opp'n to Mot. to Dismiss at 10), he now argues that the court failed to consider two affirmative "knowing misrepresentations" made by Daniel. (Pl. Br. at 2–4.) Plaintiff states that "on page 4–5 of the amended complaint, plaintiff alleges that (1) Daniel stated that the Debro pension plan was underfunded and (2) that this plan, therefore, had to be involuntarily terminated." (*Id*. at 2.)

6

This argument, which plaintiff could have but failed to raise in his opposition to the motions to dismiss, is misleading and ultimately fails. Although plaintiff alleges in the amended complaint that Daniel told plaintiff the pension fund "was underfunded requiring Dan[iel] to terminate it" (Am. Compl. ¶ 18), contrary to plaintiff's assertions, there are no allegations in the amended complaint that this was a misstatement or "knowing misrepresentation[]," that the "pension plan had excess benefits," or that the plan was "involuntarily terminated."[3] (Pl. Br. at 2–4.) The Court rejects plaintiff's brazen attempt to misrepresent the allegations in the amended complaint and finds plaintiff's argument to be greatly lacking.

Plaintiff further misrepresents his arguments and the Court's holding in arguing that Daniel had a fiduciary duty related to these two alleged misstatements. (Pl. Br. at 3–4.) In his opposition to the motions to dismiss, plaintiff argued that Daniel *concealed* the fact that the pension plan was voluntarily terminated and that his share of the pension benefits was larger than other participants. (Pl. Opp'n to Mot. to Dismiss at 10.) In its decision, the Court held that plaintiff "offers no duty upon which Daniel is required to disclose to plaintiff" this information, that plaintiff bore the burden to allege facts that give rise to a duty to disclose this information, and that even if such a duty existed that plaintiff should have discovered with reasonable diligence this information in early 2006. (Mem. and Order at 20.) Instead of addressing his deficiencies, perhaps because he cannot, plaintiff once again misrepresents his allegations by claiming that "court utterly discounts plaintiff's allegations that Daniel *falsely stated* that the plan was being involuntarily terminated and that Daniel's share of pension benefits dwarfed that

---

[3] An "involuntary termination" is a term of art that refers to the termination of a pension plan by the Pension Benefit Guaranty Corporation, not an employer, pursuant to 29 U.S.C. § 1342(a). *See Jones & Laughlin Hourly Pension Plan v. LTV Corp.*, 824 F.2d 197, 199 (2d Cir. 1987) ("Subsection 1342(a) provides that PBGC may initiate *involuntary termination* proceedings whenever a plan fails to meet specified funding requirements." (emphasis added)). Here the amended complaint specifically alleges that Daniel, and not the Pension Benefit Guaranty Corporation, terminated the pension plan. (Am. Compl. (Doc. No. 3) ¶ 18.)

7

of the other participants" and argues that "when a fiduciary does speak, he has a duty to do so truthfully." (Pl. Br. at 3 (emphasis added).) Plaintiff's statement is blatantly false. Nowhere in the amended complaint does plaintiff allege that Daniel *affirmatively* stated the plan was "involuntarily terminated" or that he informed plaintiff what his share of the pension plan was, let alone that his share "dwarfed that of the other participants." (*Id.*) Then, despite the fact that plaintiff now alleges these were affirmative misstatements, plaintiff apparently also argues that these are omissions. (*See id.* at 4 ("Moreover, omissions may also give rise to liability for breach of fiduciary duty.").) But, once again, plaintiff fails to cite any case law that requires a plan fiduciary to disclose that a pension plan was voluntarily terminated or requires a plan fiduciary to disclose how much that fiduciary and others under the plan will receive from the distribution.

Plaintiff's remaining contentions regarding reasons why plaintiff could not have discovered with reasonable diligence the breaches of fiduciary duty that he complains of and his conflict of interest with his mother are speculative and without factual basis in the amended complaint. (*See* Pl. Br. at 5–7.) Similarly, plaintiff has not argued any matter or controlling decision the Court has overlooked in determining that ERISA's six-year statute of limitations barred plaintiff's claims for breach of fiduciary duty against Daniel for failing to provide various

pension documents, improperly segregating pension plan assets, and failing to properly account for pension plan assets.[4] (*See id*. at 10, 12–16.)

Accordingly, plaintiff's motion for reconsideration pursuant to Rule 60(b)(1) is denied.

## II. Rule 60(b)(6)

Plaintiff's reliance upon Rule 60(b)(6) is misplaced and his request for leave to amend is without basis. Plaintiff has not demonstrated "exceptional circumstances" that would "justify[ ] the reopening of a final judgment" pursuant to Rule 60(b)(6). *Winslow*, 599 F. Supp. 2d at 341. Plaintiff concedes that the documents he now argues support his ability to specifically plead fraud against both defendants were provided to plaintiff's counsel prior to or on September 28, 2012, well before plaintiff served his opposition to the motions to dismiss on November 12, 2012. (*See* Aff. of H N. Boxer ¶¶ 2–13, 15.) Indeed, the Court noted in its Memorandum and Order that defendants sought to provide plaintiffs with certain documents at the pre-motion conference and that plaintiff rejected this overture stating that he would not amend his complaint prior to the motions to dismiss. (*See* Mem. and Order at 16 n.6.) Inexplicably, plaintiff's counsel now complains that she "did not meaningfully fully read through and/or analyze the

---

[4] Once again, plaintiff flagrantly misrepresents this Court's findings. Plaintiff argues that the Court "improperly found that Daniel's fiduciary duties *ended* upon distribution of the pension's assets." (Pl. Reply at 3 (emphasis added); *see also* Pl. Br. at 10, 12–13.) The Court did not so hold; instead, the Court held that "the latest date that Daniel could have *cured* any breach for failing to provide plaintiff with the SPD, NOIT, NOPB, and NOAC, documents related to Debro's pension plan, necessarily accrued prior to or at the termination of the plan and the distribution of its assets." (Mem. and Order at 17–18 (emphasis added).) Under the relevant statute, "in the case of omission" an action is time-barred where it is brought more than "six years after . . . the latest date on which the fiduciary could have *cured* the breach or violation." 29 U.S.C. § 1113 (emphasis added). When a fiduciary could have *cured* a breach of his duties is distinct from when his duties end. Notably, plaintiff offers no case law to support his arguments otherwise.

Plaintiff also attempts to distinguish his facts from a case the Court cites, *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 49 (2d Cir. 1999). (Pl. Reply at 3; Pl. Br. at 13–16.) However, plaintiff resorts to a bold faced lie in order to analogize his facts to the cases he cites. Plaintiff represents that he "does not particularly claim that his benefit award was miscalculated" (Pl. Br. at 15), yet he alleges in his amended complaint that "[b]y giving Vincent a check for about $20,000.00, Dan[iel] failed to provide Vincent with the full amount of pension benefits due to him." (Am. Compl. (Doc. No. 3) ¶ 68.) The Court rejects plaintiff's utter dishonesty and his attempt to reargue this issue.

9

initial disclosure documents . . . until December – January 2013 . . . [and that] while technically such documentation was in plaintiff's possession before plaintiff submitted his opposition brief to the motions to dismiss, [counsel] did not review these materials until well after that submission." (Aff. of H. N. Boxer ¶ 16.) "It is [ ] well-settled in the Second Circuit that an attorney's gross negligence alone is not a basis for relief under Rule 60(b)(6)." *FirstStorm Partners 2, LLC v. Vassel*, 10-cv-2356, 2013 WL 654396, at *15 (E.D.N.Y. Feb. 21, 2013). As such, plaintiff's request for relief from judgment pursuant to Rule 60(b)(6) is denied.

Furthermore, because the Court has denied plaintiff's motion for reconsideration, plaintiff's request for leave to amend is moot. *See Janese v. Fay*, 692 F.3d 221, 225 (2d Cir. 2012) (finding that where the "District Court denied the motion for reconsideration, [it] render[ed] the motion to amend moot"); *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) (holding that "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)") (internal quotation marks and citation omitted)).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for reconsideration and for leave to amend is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
      August 5, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge